IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| TERESA JANE HAGAN, | ) | |
| | ) | No. 5:13-cv-01090-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting Commissioner of Social Security*, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Magistrate Judge Kaymani D. West's Report and Recommendation ("R&R") that this court affirm Acting Commissioner of Social Security Carolyn Colvin's decision denying plaintiff's application for disability insurance benefits ("DIB"). Plaintiff filed objections to the R&R. For the reasons set forth below, the court rejects the R&R and remands the Commissioner's decision.

## I.  BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A.    Procedural History

Plaintiff Teresa Jane Hagan ("Hagan") filed an application for DIB on July 3, 2010, alleging disability beginning on December 1, 2007. The Social Security Agency denied Hagan's claim initially and on reconsideration. Hagan requested a hearing before an administrative law judge ("ALJ"), and ALJ Edward T. Morriss held a hearing on December 8, 2011. The ALJ issued a decision on March 19, 2012, finding Hagan not disabled under the Social Security Act. Hagan requested Appeals Council review of the ALJ's decision. The Appeals Council declined to review the decision, rendering the ALJ's decision the final action of the Commissioner.

1

On April 23, 2013, Hagan filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on June 2, 2014, recommending that this court affirm the ALJ's decision. Hagan filed objections to the R&R on June 18, 2014, and the Commissioner responded to Hagan's objections on July 3, 2014. The matter is now ripe for the court's review.

### B.    Medical History

Because Hagan's medical history is not directly at issue here, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Hagan was born on April 11, 1959 and was 51 years old on the alleged onset date. Tr. 32. She has a tenth grade education and past relevant work experience working at a grocery store deli counter and as shift manager at a bingo parlor. Tr. 32-33.

### C.    ALJ's Decision

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Hagan was disabled from June 1, 2010[1] through September 30, 2011, her date last insured. The ALJ first determined that Hagan had not engaged in substantial gainful activity during the relevant period. Tr. 15. At the second step, the ALJ found that Hagan suffered from the following severe impairments: chronic back pain, status post left knee arthroscopy, and chronic obstructive pulmonary disease. Id. At step three, the ALJ determined that Hagan's impairments or combination of impairments did not meet or equal one of the listed impairments in the Agency's Listing of Impairments ("the Listings"). Tr. 16; see 20 C.F.R. Part 404, Subpt. P, App'x 1. Before reaching the fourth step, the ALJ determined that Hagan had the residual

---

[1] At the hearing, Hagan amended her alleged onset date from December 1, 2007 to June 1, 2010. Tr. 30.

functional capacity ("RFC") to perform light work, as defined by 20 C.F.R. § 404.1567(b). Tr. 17. Specifically, the ALJ found that Hagan could: lift and carry up to twenty pounds occasionally and ten pounds frequently; stand, walk, and sit for six hours in an eight-hour workday; occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; frequently balance; and never climb ladders, ramps, or scaffolds. Id. The ALJ further determined that Hagan must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation, and that she must avoid exposure to hazards such as machinery and heights. Id. The ALJ found, at step four, that Hagan was able to perform past relevant work as a bingo shift manager, and therefore concluded that she was not disabled during the period at issue. Tr. 20-21.

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations

omitted).  "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence."  Id.  Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court.  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).

### III.   DISCUSSION

Hagan objects to the R&R on six grounds:  (1) the magistrate judge improperly based her approval of the ALJ's decision on "objective medical evidence" or "other record evidence;" (2) the magistrate judge erred in finding that the ALJ properly considered her mental impairments; (3) the magistrate judge erred in finding that the ALJ properly considered her impairments in combination; (4) the magistrate judge erred in her findings on medical equivalence to a listed impairment; (5) the magistrate judge erred in finding that the ALJ had properly discounted her complaints of pain and mental health limitations; and (6) the magistrate judge erred in finding that the ALJ properly determined that she could perform past relevant work.  Because the court finds that Hagan's objection regarding her mental impairments provides grounds for remand, it does not consider the remaining objections.

Hagan argues that the ALJ erred in considering her mental impairments.  First, she objects that the magistrate judge "fail[ed] to overturn the ALJ's refusal to find that her mental impairments were 'severe' . . . ."  Pl.'s Objections 2.  Hagan argues that the ALJ did not properly "perform[] the special technique for assessing the severity of a claimant's mental impairments."  Id.  Specifically, Hagan asserts that her testimony and

the function report she completed reflected that her activities of daily living were "quite circumscribed." Id. at 3.

Regulations require the ALJ to use a particular procedure, known as the "special technique," to evaluate the severity of mental impairments at the second and third steps of the evaluation process. See 20 C.F.R. § 404.1520a(a). The ALJ "must first evaluate [the claimant's] pertinent symptoms, signs, and laboratory findings to determine whether [he or she] ha[s] a medically determinable mental impairment(s)." 20 C.F.R. § 404.1520a(b)(1). The ALJ must "then rate the degree of functional limitation resulting from the impairment(s)" in four broad functional areas (the "paragraph B" criteria): (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. Id. § 404.1520a(b)(2), (c)(3). The ALJ must document the application of the technique in the hearing decision, incorporating pertinent findings and conclusions and documenting the significant history and functional limitations that were considered. Id. § 404.1520(e)(2).

In assessing the severity of Hagan's mental impairments, the ALJ first acknowledged that her depression and anxiety were medically determinable mental impairments. Tr. 15. The ALJ then discussed the paragraph B criteria, determining that Hagan has no limitation in activities of daily living, mild limitation in social functioning, and mild limitation in concentration, persistence, or pace. In making these determinations, the ALJ relied on the function report Hagan completed. See Tr. 160-67. The ALJ also noted that Hagan had not experienced any extended episodes of decompensation. Tr. 15.

The ALJ properly documented his application of the special technique to Hagan's mental impairments.  Rather than ignoring Hagan's testimony and questionnaires, as she alleges, the ALJ in fact relied on her function report to make his determinations regarding the paragraph B factors.  The court finds that the ALJ's finding that Hagan's mental impairments were non-severe is supported by substantial evidence.

Next, Hagan argues that the ALJ failed to "return[] to any discussion of [her mental impairments] in his RFC findings" and therefore "omitted any mental impairments when creating an RFC."  Pl.'s Objections 3.

Regulations require that an ALJ "consider the limiting effects of all [the claimant's] impairment(s), even those that are not severe," in determining the claimant's RFC.  20 C.F.R. § 404.1545(e); see also SSR 96-8p ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'").  With regard to mental impairments, "the limitations identified in the 'paragraph B' and 'paragraph C' criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process."  SSR 96-8p (emphasis added).  Instead, "[t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C."  Id. (emphasis added).

The ALJ referenced the language of SSR 96-8p in his decision, yet he inexplicably failed to comply with it.  The ALJ did not perform a more detailed assessment of the paragraph B factors as required by SSR 96-8p.  When considering Hagan's mental impairments in his RFC determination, the ALJ noted that "medical

6

evidence of record indicates that the problem is non-severe." Tr. 18. However, the ALJ had already determined that Hagan's mental impairments were non-severe at step two. What was required in his RFC analysis – a more detailed assessment of Hagan's mental impairments to determine what, if any, limitations they placed on her ability to work – is sorely lacking. Therefore, the court cannot find that the ALJ's analysis of Hagan's mental impairments in his RFC determination is supported by substantial evidence. The case must be remanded for further administrative proceedings. See Rivera v. Astrue, 2013 WL 4507081, at *5 (D. Md. Aug. 22, 2013) (remanding because ALJ failed to make a detailed assessment of plaintiff's mental impairment in when determining his RFC). When reviewing the case on remand, the ALJ should consider Hagan's other allegations of error.

## IV.   CONCLUSION

Based on the foregoing, the court **REJECTS** the magistrate judge's R&R, **REVERSES** the Commissioner's decision, and **REMANDS** for further administrative proceedings.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 15, 2014**
**Charleston, South Carolina**